After a jury trial in the District Court, the defendant was convicted of assault and battery on a family or household member, and threatening to commit a crime.[2] He now appeals, arguing that the judge committed prejudicial error by admitting in evidence a recording of a 911 telephone call made by an eleven year old child who did not testify. The defendant contends that the recording contained testimonial hearsay statements, thus violating the rules of evidence, and his right, under the Sixth Amendment to the United States Constitution and art. 12 of the Massachusetts Declaration of Rights, to confront witnesses against him. We disagree and therefore affirm the defendant's convictions.
The recording at issue contained the voice of an eleven year old girl, who called the police emergency 911 line to ask for police intervention, saying her stepfather was "hurting [her] mom." She continued, "He's hurting my mom. He's throwing her on the ground, knocking her against the wall.... I'm in the bathroom.... Oh, please help.... Oh my God, please hurry." There is other conversation heard on the recording, as the police dispatcher, who testified at trial, asked some follow-up questions about the location of various family members in the house and also relayed the child's information to responding police officers.[3]
The recording at issue was admitted, over objection, as an excited utterance, an exception to the hearsay rule. Because of her age, the eleven year old female caller was "unavailable" to testify at trial, and therefore the defendant did not have an opportunity to cross-examine her. The statements are admissible only if they pass a two-prong test. "First, the statement must be admissible under our common-law rules of evidence as an exception to the hearsay rule. Second, the statement must be nontestimonial for purposes of the confrontation clause of the Sixth Amendment." Commonwealth v. Beatrice, 460 Mass. 255, 258 (2011) (citations omitted).
First, the child caller's statements qualify under the spontaneous utterance exception to the hearsay rule, because, in making the statements, she was reacting to a startling event-her mother being "hurt" by her stepfather-that she witnessed prior to placing the 911 call, and that she believed was ongoing at the time that she was speaking with the police dispatcher.[4] A statement is considered "[a] spontaneous [or excited] utterance if (A) there is an occurrence or event sufficiently startling to render inoperative the normal reflective thought processes of the observer, and (B) the declarant's statement was a spontaneous reaction to the occurrence or event and not the result of reflective thought." Mass. G. Evid. § 803(2) (2017). "While the degree of excitement exhibited by the declarant is one factor relevant to that determination, see Commonwealth v. Beatrice, 460 Mass. [at] 258-259..., the essential issue is whether the statement was made under the stress of an 'exciting event and before the declarant has had time to contrive or fabricate the remark, and thus ... has sufficient indicia of reliability.' Commonwealth v. Zagranski, 408 Mass. 278, 285 (1990). See Commonwealth v. Mulgrave, 472 Mass. 170, 179 (2015).... In addition to demeanor, our cases have identified other factors relevant to the inquiry, such as whether the declaration is made in the same location as the traumatic event, Zagranski, supra at 284-286; the circumstances of the statement, including its temporal proximity to the event, Mulgrave, supra at 177; the young age of a 911 caller, Commonwealth v. Guaman, 90 Mass. App. Ct. 36, 42 (2016) ; and the degree of spontaneity demonstrated by the declarant, Commonwealth v. Joyner, 55 Mass. App. Ct. 412, 416-417 (2002). In short, the question is not simply whether the declarant shows any particular form of 'excitement,' but, rather, whether the declarant was acting spontaneously under the influence of the incident at the time the statements were made, and not reflectively." Commonwealth v. Baldwin, 476 Mass. 1041, 1042 (2017). See Commonwealth v. Rodriguez, 90 Mass. App. Ct. 315, 318 (2016).
During the voir dire hearing in the present case, the judge heard evidence that, when the first responding officer, police Chief Williams (who had been nearby), arrived on the scene, he went to the back of the house and heard an adult male voice coming from inside and "yelling, screaming." Through the glass in the door he saw the defendant "flee, leaving the kitchen"; he later determined that the defendant had left the house. The female victim then came and unlocked the back door, letting Williams into the house. He testified that the victim "appeared to be upset. She was crying. Her face was red." Williams confirmed there were three children in the house, and found the child 911 caller upstairs in her bedroom, still talking on the telephone with the 911 dispatcher; Williams observed that the child was "excited" and "sounded very scared."
This evidence "provided the trial judge with a firm basis for his conclusion that [the child caller's] initial statements to [the police dispatcher] were the product of the ordeal she had just experienced and not the result of conscious reflection." Rodriguez, supra at 319. Based on these facts, we are satisfied that the child's statements on the 911 recording "fell squarely within the spontaneous utterance exception, and its admission did not constitute error." Commonwealth v. Gomes, 475 Mass. 775, 788 (2016).
Next, the statements in the 911 telephone call-by both the child caller and the police dispatcher-were not testimonial within the meaning of the confrontation clause, as they were made for the primary purpose of meeting an ongoing emergency. See Beatrice, 460 Mass. at 258-259. "Statements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency." Id. at 259, quoting from Davis v. Washington, 547 U.S. 813, 822 (2006). "The existence of an ongoing emergency must be objectively assessed from the perspective of the parties to the interrogation at the time, not with the benefit of hindsight. If the information the parties knew at the time of the encounter would lead a reasonable person to believe that there was an emergency, even if that belief was later proved incorrect, that is sufficient for purposes of the Confrontation Clause." Id. at 259-260, quoting from Michigan v. Bryant, 562 U.S. 344, 361 n.8 (2011).
Clearly, the challenged statements here were made during an ongoing domestic violence incident, and were not about past events. The incident occurred in the child caller's home, between her mother and her stepfather, the eleven year old caller (and her siblings) sounded distressed during the call, and when Williams arrived at the home, the victim and the child caller were visibly upset and scared. This evidence was sufficient to "lead a reasonable person to believe that there was an emergency" at the time the child caller placed the 911 call. Beatrice, supra at 259 (quotation omitted).
In addition, the defendant was in the home during the call, moving from the kitchen to the basement and back to the first floor, until he fled upon police arrival; the police dispatcher's questions were asked for the purpose of enabling the police to understand the ongoing emergency and obtain medical care for the victim, as well as for the police to secure the scene, apprehend the defendant, and stop the ongoing assault. Compare Rodriguez, 90 Mass. App. Ct. at 326. "The 911 telephone call was not testimonial because the primary purpose of the interrogation was to meet an ongoing emergency, rather than to prove past events to develop a case for criminal prosecution." Beatrice, supra at 264.
Based on the foregoing, we discern no error in admitting in evidence the recording of the 911 telephone call.
Judgments affirmed.

The defendant was acquitted of separate charges of assault and battery on each of his two children. Prior to trial the Commonwealth dismissed charges of reckless endangerment of a child and intimidation of a witness.

Prior to trial, and after hearing, the Commonwealth's motion in limine to admit the recording was allowed; the defendant's motion to exclude it was denied.

During the call, the child identified herself, her mother, and the defendant, and provided her home address where the incident was occurring. As noted, she said that her parents were "downstairs in the kitchen" and her "dad's fighting with my mom, and my dad's hurting my mom"; "[h]e's throwing [her mom] on the ground, knocking her against the wall"; "Oh, please help"; "Oh, my God, please hurry"; "Hurry, please." At one point during the call she told the dispatcher that her father "went downstairs, and then he went back up," and that "[h]e's down cellar." She also said that she was calling from the bathroom, then from "upstairs in [her] room." She informed the dispatcher that her eight year old brother and six year old sister were downstairs, then later in the room with her. Several times during the call, after hearing sounds of distress from the children, the dispatcher told the caller to "stay calm."